Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

**ATTORNEY FOR PLAINTIFF**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

TIMARRA YATES                                  )
                                               )
                                               )
          Plaintiff,                           )
                                               ) Civil Action No._____
          v.                                   )
                                               )
LAW OFFICE OF LARRY ROACH                      )
AND LARRY ROACH,                               )
                                               )
          Defendants.                          )
_____)

# COMPLAINT

## I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. sec. 1692k (d), 28 U.S.C. sec. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. sec. 1367.  Declaratory relief is available pursuant to 28 U.S.C. sec. 2201 and 2202.  Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.      Plaintiff, TIMARRA YATES (hereinafter "MS. YATES,") is a natural person residing in Santa Clara County, California.

4.      Ms. Yates is a "consumer" as defined by 15 U.S.C. 1692(a)(3).

5.      Defendant, LAW OFFICE OF LARRY ROACH (hereinafter "Defendant Law Firm"), is a Ohio law firm engaged in the business of collecting debts in this state with its principal place of business at:  175 Montrose West Ave. Suite #170, Copley Township, Ohio 44321. The principal purpose of Defendant Law Firm is the collection of debts using the mail and telephone, and Defendant Law Firm regularly attempts to collect debts alleged to be due another.

6.      Defendant Law Firm is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692(a)(6), which defines the term "debt collector" as a person who, uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another

7.      Defendant LARRY ROACH (hereinafter "Defendant Roach") is an Ohio attorney, regularly engaged in the business of collecting debts owed another on behalf of Defendant Law Firm.  Defendant Roach is liable for the acts of Defendant Law Firm because he directed the unlawful activities described herein.

8.       Defendant Roach is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692(a)(6), which defines the term "debt collector" as a person who, uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.      Ms. Yates alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and

in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

10.    Any reference hereinafter to "Defendant Law Firm" or "Defendant Roach" without further qualification is meant by the Plaintiff to refer to each Defendant named above.

## IV.  FACTUAL ALLEGATIONS

11.    Ms. Yates became indebted on a consumer debt to Providian Bank/Emerge allegedly in the amount of $3,745.78.

12.    Ms. Yates incurred a typical consumer debt for personal, family, or household purposes, to Providian Bank/Emerge.

13.    Unfortunately, Ms. Yates experienced difficulty in repaying her consumer debts and several of her accounts were sent to collection agencies.

14.    The account was transferred to Jefferson Capital Systems, LLC, and was later transferred to Defendant's to instigate attempts to collect the alleged debt by using the weight and authority of its law firm letterhead.

15.     Despite Ms. Yates unfortunate financial situation Defendant's acted in an abusive and threatening manner contrary to the standards employed by others in its industry.

16.    On July 18, 2004, Defendant's mailed Ms. Yates a demand letter in an attempt to collect the debt.  A copy of the letter is attached as Exhibit A and is incorporated herein by reference.

17.    Defendant's July 18, 2004 letter demanded:

**We have written to you previously about your debt described above. Because you did not write to us disputing this debt, the law permits us to now assume it is a valid debt. We believe this matter could be settled without resort to further collection effort if we can secure your cooperation.**

**If you would like to settle this matter so that our office does not need to proceed further, please contact our office using our toll free number, 1-866-204-3699.**

**TAKE NOTICE AND ACT ACCORDINGLY**

18.     The letter was purportedly signed by Defendant Roach, with what appears to be a facsimile signature.

19.     Below the facsimile signature appeared the following language:

**As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit**
                                **obligations.**
**This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

20.     On August 26, 2004 Defendant's mailed Ms. Yates another collection letter in attempt to collect the debt.  A copy of the is attached as <u>Exhibit B</u> and is incorporated herein by reference.

21.     Defendant's August 26, 2004 letter demanded:

**As you know from our previous letters, we represent the above named creditor, PROVIDIAN BANK/EMERGE.  If you continue to ignore this matter, we will have no option but to exhaust whatever legal measures are available to collect this debt.  We regret having to take this step but your failure to pay this bill has left us no option.**

        **To avoid this step, please call our office immediately.**
        **The toll free number is 1-866-204-3699.**

**As required by law, you are hereby notified that a negative credit report reflecting on your credit reporting agency if you if you fail to fulfill the terms of your credit**
                        **Obligations**
**This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

22.      Neither of Defendant's two letters indicated that Defendant was not licensed to practice in California.

23.     On information and belief Ms.Yates contends Defendant's attempted to collect a debt by misrepresenting the role and involvement of the alleged outside legal counsel.

24.     Defendants engaged in misleading communications, falsely portraying the relationship between Defendant law firm and Defendant collection agency in an attempt to connive Ms. Yates into repaying the debt under fear of immediate legal action.

25.     On August 20, 2004, Ms. Yates was forced to seek the protection of the U.S. Bankruptcy Court by filing a chapter 7.

26.     However, before receiving the official notice from the U.S. Bankruptcy Court Defendant's mailed Ms. Yates the August 26th, 2004 letter.

27.     On September 1, 2004, Tammy Gulla, Senior Paralegal, in Plaintiff's counsel's law office telephoned Defendant, and spoke to an employee named Mr. Barrick.

28.     Mr. Barrick transferred the call to Defendant Roach. Tammy Gulla then proceeded to advise Defendant Roach that Ms. Yates filed bankruptcy.

29.     Defendant Roach looked up Ms. Yates name and could not find her in his system. Defendant Roach said, "Apparently our client just got notice and pulled her account from the system."   Tammy Gulla proceeded to ask, "When you sent the letter on August 26, 2004, did you know of the bankruptcy?" Defendant Roach said "no," and that "no more notices will be sent out as she has been pulled from their system."

30.     On information and belief Ms. Yates contends that Defendant's do not file suit in California, and thus, made false threats of imminent suit in its letters to Ms. Yates.

31.     Review of public records reveals that Defendant's do not file suit here in Santa Clara County.

32.     On information and belief Ms. Yates contends that Defendant's did not report Ms. Yates account to a credit reporting agency, and thus, made false threats to do so in its letters to Ms. Yates.

33.     On information and belief Ms. Yates contends the letters mailed by Defendant's are mechanically generated form letters, facsimile signed, and mailed by someone other than an attorney, and that an attorney was not meaningfully involved in sending the communication to Ms. Yates.

34.     Defendants attempted to collect a debt via the use of false, deceptive, and misleading collection tactics.

35.     As a result of the above violations, Defendants are liable to Ms. Yates for statutory damages, attorney's fees and costs.

## V. FIRST CAUSES OF ACTION

### 15 U.S.C. 1692, as to Defendant Law Firm and Defendant Roach

36.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through 35 above.

37.     The foregoing acts and omission of Defendants constitute violations of the FDCPA, including but not limited to 1692d, 1692e, 1692f, and 1692g.

38. Defendants violated 15 U.S.C. 1692d by using language, which had the natural consequence to oppress and abuse the least sophisticated consumer.

39.     Defendant's violated 15 U.S.C. 1692e(10) by falsely threatening to take actions Defendants had no intention of actually taking.

40.     Defendant's violated 15 U.S.C 1692e(3) by falsely implying an attorney was meaningfully involved.

41.     Defendant's violated 15 U.S.C. 1692e(5) by falsely threatening immediate legal action when Defendants had no intention of actually taking such action.

42.      Defendant's violated 15 U.S.C. 1692e(10) by making false and deceptive statements in an attempt to create a sense of urgency while attempting to collect a debt from plaintiff.

43.     Defendant's violated 15 U.S.C. 1692(10) by falsely implying the true source of the written communications as being from an attorney when an attorney was not meaningful involved, and was thus not the source of the communication.

44.     Defendant's violated 15 U.S.C. 1692e(10) by attempting to collect a debt with use of deceptive language which had the natural consequence to mislead the least sophisticated consumer into believing Defendants would imminently report Plaintiff's account to credit bureaus throughout the country when Defendants had no intent to do so.

45.     As a result of the above violations of the FDCPA Defendant is liable to the Plaintiff for a judgment that Defendant's conduct violated the FDCPA and Ms. Yate's statutory damages, costs, and attorney's fees.


WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Judgment that Defendant's conduct violated the FDCPA.

B.  Statutory damages pursuant to 15 U.S.C. 1692k.

C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. (k).

D.  For such other relief as may be just and proper.


Respectfully,


_____          _____
Ronald Wilcox                                      Date



**DEMAND FOR JURY TRIAL**


Please take notice that Plaintiff demand trial by jury in this action.


_____          _____
Ronald Wilcox                                      Date